Brandon Jenkins
7024 S. Baldwin #12
Mesa, Az 85209   480.930.3028

FILED ☒   LODGED ___
RECEIVED ___   COPY ___

SEP 0 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Brandon Jenkins,

Plaintiff,

v.

The TJX Companies, Inc.,

Defendant.

CV24-02342-PHX-DJH

COMPLAINT FOR DISCRIMINATION, HARASSMENT, RETALIATION, AND HOSTILE WORK ENVIRONMENT

I. Introduction

1. Plaintiff, Brandon Jenkins, brings this action against Defendant, The TJX Companies, Inc., for discrimination based on disability, harassment, retaliation, and creating a hostile work environment in violation of the Americans with Disabilities Act (ADA) and other applicable federal laws.

2. This action seeks relief for Defendant's unlawful employment practices, including wrongful termination, denial of reasonable accommodations, retaliation for engaging in protected activity, and subjecting Plaintiff to a hostile work environment.

II. Jurisdiction and Venue

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 12117(a) (ADA jurisdiction).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this judicial district, and Defendant conducts business in this district.

III. Parties

5. Plaintiff, Brandon Jenkins, is an individual residing in Mesa, Arizona. Plaintiff was employed by Defendant as a Human Resources Business Partner (HRBP I) from August 12, 2019, until his wrongful termination on July 28, 2023.

6. Defendant, The TJX Companies, Inc., is a corporation conducting business in Arizona and throughout the United States. Defendant is an employer within the meaning of the ADA.

IV. Factual Allegations

7. Plaintiff was hired by Defendant in August 2019 and served as a Human Resources Business Partner (HRBP I).

8. In January 2023, Plaintiff was diagnosed with Autism Spectrum Disorder (ASD) and ADHD. Plaintiff disclosed this disability to his supervisors in the hope of fostering understanding and improving communication.

9. On February 6, 2023, Plaintiff submitted a formal request for reasonable accommodations under the ADA. These accommodations included, but were not limited to, the ability to take a midday break of up to ninety minutes to manage overstimulation and the disclosure of meeting topics prior to scheduled meetings to reduce anxiety.

10. Defendant's response to Plaintiff's accommodation request was inadequate and delayed, leading to an environment where Plaintiff's needs were not met. The approved accommodations were not aligned with Plaintiff's documented needs, and the process took an unreasonable amount of time.

11. Throughout this period, Plaintiff experienced ongoing harassment and discriminatory treatment from his supervisors, Claudia Mendoza and Signa Underdown, who failed to provide clear expectations, dismissed Plaintiff's concerns, and accused Plaintiff of harassment when he attempted to clarify his accommodations and address his safety concerns.

12. On one occasion, Plaintiff was unjustly threatened with the involvement of security after asking reasonable clarifying questions regarding his accommodation requests and concerns about his treatment in the workplace. In response, Plaintiff immediately requested an independent third-party investigation to review the matter. Despite this good faith effort to resolve the issue through proper channels, Defendant failed to adequately address the situation, further contributing to the hostile work environment.

13. Despite Plaintiff's efforts to resolve these issues internally, including raising concerns about being treated differently than his peers and the mishandling of his accommodation requests, Defendant failed to take appropriate corrective action.

14. Defendant retaliated against Plaintiff for his protected activities, including requesting accommodations and raising concerns about discrimination and safety. This retaliation culminated in Plaintiff's wrongful termination on July 28, 2023, following an investigation that disregarded Plaintiff's documented complaints and evidence.

15. Plaintiff's termination was a direct result of his disability, his requests for accommodations, and his protected activity of raising concerns about discrimination, harassment, and unsafe working conditions.

V. Claims for Relief

Count I: Disability Discrimination under the ADA

16. Plaintiff repeats and re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. Defendant discriminated against Plaintiff by failing to provide reasonable accommodations for his disability and by subjecting him to disparate treatment based on his disability.

Count II: Retaliation under the ADA

18. Plaintiff repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. Defendant retaliated against Plaintiff by subjecting him to wrongful discipline, harassment, and termination in response to his protected activities, including requesting accommodations and reporting discrimination.

Count III: Hostile Work Environment under the ADA

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. Defendant created and perpetuated a hostile work environment through ongoing discriminatory actions, harassment, and retaliation against Plaintiff, making it intolerable for him to continue his employment.

Count IV: Wrongful Termination

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendant wrongfully terminated Plaintiff in violation of the ADA and other applicable laws, directly resulting from Plaintiff's disability, accommodation requests, and engagement in protected activities.

VI. Damages

24. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses, including but not limited to lost wages, emotional distress, damage to career prospects, and other compensatory damages.

25. Plaintiff seeks compensatory damages, punitive damages, back pay, front pay, attorney's fees, and any other relief the Court deems just and proper.

VII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff back pay, front pay, and benefits lost due to Defendant's unlawful actions;

B. Award Plaintiff compensatory damages for emotional distress and other non-economic damages;

C. Award Plaintiff punitive damages to punish Defendant and deter similar conduct in the future;

D. Award Plaintiff pre-judgment and post-judgment interest as allowed by law;

E. Award Plaintiff reasonable attorney's fees and costs of this action;

F. Grant such other and further relief as the Court deems just and proper.

VIII. Demand for Jury Trial

Plaintiff demands a trial by jury on all issues triable by a jury.

Brandon Jenkins

September 6, 2024